UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROWN JEWELS OF NEW ENGLAND, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WALDO H. LAILER & COMPANY, INC., )<br>PETER N. KOTZEN, and JOHN D. KOTZEN, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>CITIZENS BANK OF MASSACHUSETTS and )<br>STATE STREET BANK & TRUST COMPANY, )<br>)<br>Trustee Process Defendants. )<br>) | CIVIL ACTION<br>NO.<br><br>05 10783 RWZ<br><br>MAGISTRATE JUDGE _____ |

RECEIPT # 63635
AMOUNT $250
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 4/19/05

## COMPLAINT AND JURY DEMAND

### Introduction

This case arises out of a failure to pay over $250,000 for perishable agricultural commodities sold and delivered by plaintiff Crown Jewels of New England, LLC ("CJNE") to defendant Waldo H. Lailer & Company, Inc. ("Lailer"). In fifteen (15) invoices sent by CJNE to Lailer with each shipment of lettuce and cauliflower produce, CJNE stated that payment terms were "net 10," meaning the balance of each invoice was due in full within ten (10) days of shipment. Though accepting all shipments, Lailer has failed to pay and has informed CJNE that it is in financial straits. Moreover, certain information provided by Lailer and from the market generally lead CJNE to conclude that Lailer's financial problems are severe and that one of its

owners and chief officers, defendant Peter Kotzen, may have transferred property into his spouse's name to avoid creditors such as CJNE.

CJNE seeks enforcement of a federal statutory trust under the Perishable Agricultural Commodities Act, 7. U.S.C. §§ 449a-449s ("PACA") and asserts as federal and state claims for unfair conduct as well as damages for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duties owed to CJNE by Lailer's principals, unjust enrichment, and quantum meruit..

## PARTIES

1.  Plaintiff Crown Jewels of New England ("CJNE") is a corporation duly organized under the laws of the State of California with a principal place of business at 423 West Fallbrook, Suite 207, in Fresno, California. CJNE is registered with the Secretary of the Commonwealth to do business in Massachusetts, and its Massachusetts office is located at 99 Fourth Street, in Chelsea, Massachusetts.

2.  Defendant Waldo H. Lailer & Company, Inc. ("Lailer") is a corporation organized under the laws of Massachusetts with a principle place of business at 35 New England Produce Center, Chelsea, Massachusetts. On information and belief, Lailer has a PACA license (Number 19054709) from the U.S. Department of Agriculture.

3.  Defendant Peter N. Kotzen ("Kotzen") is a natural person residing at 786 Newton Street, Chestnut Hill, Massachusetts. On information and belief, Mr. Kotzen is the president, treasure and secretary of Lailer, is a one-half shareholder of Lailer, and is a controlling person of Lailer for purposes of PACA.

4. Defendant John D. Kotzen ("John Kotzen") is a natural person residing at 7 Beverley Road, Wellesley, Massachusetts. On information and belief, John Kotzen is a one-half shareholder of Lailer and is a controlling person of Lailer for purposes of PACA.

5. Trustee defendant Citizens Bank of Massachusetts ("Citizens Bank") is a Massachusetts trust company with a principal place of business at 28 State Street, Boston, Massachusetts. On information and belief, Lailer has at least one bank account with Citizens.

6. Trustee defendant State Street Bank and Trust Company ("State Street") is a Massachusetts trust company with a principal place of business at 225 Franklin Street, Boston, Massachusetts. On information and belief, Lailer has a banking relationship with State Street and may have funds on deposit at State Street.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over CJNE's claims under the Perishable Agriculture Commodities Act of 1930, as amended, 7 U.S.C. § 499a et seq., pursuant to 28 U.S.C. § 1331 and 7 U.S.C. § 499e(c)(5)(i) in that this is an action by a trust beneficiary to enforce payment from a PACA trust, and has jurisdiction over CJNE's common law claims pursuant to 28 U.S.C. § 1367 as CJNE's common law claims are so related to CJNE's PACA claims that they form the same case or controversy under Article III of the United States Constitution.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

9. CJNE, started in March 2004, is an agricultural produce marketer and broker which purchases perishable and other agricultural commodities (such as fruits and vegetables)

from growers and sells them to produce distribution companies through the United States. CJNE is licensed by the United States Department of Agriculture under PACA.

10. Since April 2004, CJNE has sold certain perishable agricultural produce to Lailer. Most recently, such produce has included lettuce and cauliflower sold to Lailer in Massachusetts which Lailer has in turn resold to third parties.

11. Between March 8, 2005 and April 1, 2005, CJNE shipped Lailer a large quantity of perishable agricultural products, including lettuce and cauliflower. CJNE invoiced Lailer $253,664.91 for such produce, and each invoice expressly stated the payment terms as "net 10," meaning that CJNE required full payment of the invoice amount from Lailer within ten (10) days. Lailer has failed to make the required payments.

12. The invoices to Lailer stated clearly that the goods were being shipped pursuant to the federal PACA, and that the proceeds of the goods were subject to the federal statutory PACA trust:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivable or proceeds from the sale of these commodities until full payment is received.

13. The invoices sent by CJNE to Lailer also expressly provided for the recovery of attorneys fees in the event of a lawsuit:

> Should any action be commenced between the parties to this contract concerning the sums due hereunder or the rights and duties of any party hereto or the interpretation of this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award as and for the actual attorney's fees and costs in bringing such action and/or enforcing any judgment granted therein.

14. Based on Lailer's failure to pay all sums when due, CJNE has been forced to stop shipping any further produce to Lailer.

15. CJNE recently learned that Lailer's credit rating has dramatically dropped to a range in which CJNE refuses to do further business. Despite CJNE's repeated demands and efforts to collect payment, Lailer has not paid CJNE and states that it is experiencing financial difficulty. CJNE has been told by Lailer or CJNE has heard in the market that Lailer has over $1,000,000 in payables and $1,000,000 in receivables and that a recent buyout between certain Lailer shareholders and the resulting obligations resulting therefrom have contributed to the significant financial downturn Lailer is experiencing.

16. In fact, an agent of Lailer's recently offered to CJNE that it take a secured interest in the personal home of one of Lailer's senior officers and shareholders. That agent later retracted that offer when he learned that the proposed security had recently been transferred to the spouse of the shareholder/officer.

17. CJNE is a new company, and the receivable owed by Lailer accounts for a significant portion of all of CJNE's receivables. This receivable, if unpaid, is likely to cause serious economic harm to CJNE, including a cash shortage at CJNE as it enters the busy buying season. Such a cash shortage would cause CJNE to seek additional costs in the form of additional borrowing, if available, to cover such a shortfall.

## COUNT I
**(Enforcement of Payment from Trust Established Under PACA)**

18. CJNE repeats and realleges the allegations made in the preceding paragraphs as if set forth herein.

19. Lettuce and cauliflower are perishable agricultural commodities within the purview of PACA, as specified in 7 U.S.C. § 499a(b)(4)(A).

20. Pursuant to 7 U.S.C. § 499e(c)(2), from the date that the first commodities were delivered by CJNE to Lailer, all of the lettuce received by Lailer, all inventories of food or other products derived from those products, and any receivables and proceeds from the sale of the cranberries and/or products, were held in trust for the benefit of CJNE until such time as CJNE was paid the entire outstanding balance due from Lailer to CJNE.

21. CJNE is licensed under PACA by the U.S. Department of Agriculture, and it is a licensee for purposes of 7 U.S.C. § 499e(c)(3). Pursuant to that statutory section, a licensee preserves its trust under PACA against any commission merchant, dealer or broker by using ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the PACA trust.

22. CJNE included the language required by 7 U.S.C. § 499e(c)(3) in all relevant invoices sent to Lailer – a commission merchant, dealer and/or broker under PACA – and CJNE has otherwise preserved its PACA trust.

23. Lailer has failed to preserve the required PACA trust and has failed to pay CJNE for perishable agricultural commodities delivered to it by CJNE.

24. Lailer's violation of PACA has and will continue to proximately cause damage to CJNE.

## COUNT II
### (Unfair Conduct Under PACA)

25. CJNE repeats and realleges the allegations made in the preceding paragraphs as if set forth herein.

26. Delivery of the perishable agricultural commodities by CJNE to Lailer were transactions in interstate commerce.

27. Despite CJNE's demands for payment for those commodities, Lailer has failed or refused truly and correctly to account and make full payment promptly in respect to these transactions.

28. On information and belief, Lailer has failed to segregate and maintain in the required PACA trust the inventories of food or other products derived from perishable agricultural commodities delivered by CJNE, and any receivables or proceeds from the sale of such commodities.

29. Lailer's unfair conduct under PACA has proximately caused and will continue to cause damages to CJNE.

## COUNT III
### (Breach of Fiduciary Duties Under PACA)

30. CJNE repeats and realleges the allegations made in the preceding paragraphs as if set forth herein.

31. On information and belief, Kotzen and Peter Kotzen are currently each owners of one-half of the common stock of Lailer.

32. As of the March 3, 2004, filing of Lailer's annual corporation report with the Secretary of the Commonwealth, Kotzen and John Kotzen were listed as directors of Lailer, and Kotzen was also listed as the president, treasurer and secretary of the corporation.

33. As of the March 14, 2005, filing of Lailer's annual corporation report with the Secretary of the Commonwealth, Kotzen and John Kotzen were listed as directors of the corporation, and Kotzen was also listed as Lailer's president, treasurer, secretary, chief executive officer and chief financial officer.

34. Based on the foregoing and on information and belief, Kotzen and John Kotzen at all relevant times have been in control of or in a position to control all of Lailer's assets,

including all of the assets held by Lailer in trust for CJNE. As such, Kotzen and John Kotzen each owes a fiduciary duty to CJNE to maintain the PACA trust assets for the benefit of CJNE until such time as CJNE is paid in full.

35. Kotzen and John Kotzen have each breached their fiduciary duties to CJNE by failing to preserve sufficient PACA trust assets to pay the entire outstanding balance due to CJNE and by failing to pay all sums owed to CJNE when due.

36. Kotzen and John Kotzen are both personally liable, jointly and severally, to CJNE, and their actions have proximately caused and will continue to cause damage to CJNE.

## COUNT IV
### (Breach of Contract)

37. CJNE repeats and realleges the allegations made in the preceding paragraphs as if set forth herein.

38. CJNE and Lailer both agreed that CJNE would deliver and that Lailer would receive and pay for certain perishable agricultural commodities.

39. Between March 8, 2005, and April 1, 2005, CJNE delivered to Lailer perishable agricultural commodities, including lettuce and cauliflower, and invoiced Lailer for $253,664.91 in the aggregate for such shipments.

40. Pursuant to their agreement, Lailer accepted delivery of these commodities. Each invoice listed the term of payment for each shipment as "net 10," meaning that full payment was required by Lailer within ten days of shipment.

41. Each invoice further expressly provides for the preservation of a PACA trust in favor of CJNE and further expressly provides for recovery of actual attorney's fees and costs by CJNE on enforcing the contract between the parties.

42. By failing to segregate and hold the proper amounts in trust for CJNE and to pay CJNE promptly and timely for all relevant shipments, Lailer has materially breached its obligations under the agreement between the parties.

43. As a result of Lailer's material breaches of its obligations, CJNE has suffered and will continue to suffer damages proximately caused thereby.

## COUNT V
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

44. CJNE repeats and realleges the allegations made in the preceding paragraphs as if set forth herein.

45. The agreement between CJNE and Lailer carries implied obligations that the parties will deal with each other under the agreement fairly and in good faith.

46. As set forth above, Lailer has breached its obligations under the agreement.

47. Lailer's acts under the agreement were made in bad faith and constitute a violation of the agreement's implied covenant of good faith and fair dealing.

48. As a direct and proximate result of Lailer's breaches of the implied covenant of good faith and fair dealing, CJNE has been damaged.

## COUNT VI
### (Quantum Meruit)

49. CJNE repeats and realleges the allegations made in the preceding paragraphs as if set forth herein.

50. CJNE has provided valuable goods – to wit, perishable agricultural commodities – to Lailer, who has failed and refused, despite demand, to pay CJNE in full for the reasonable value of the goods and/or services provided.

51.     As a direct and proximate result of Lailer's refusal to compensate CJNE for the reasonable value of the goods provided, CJNE has suffered and continues to suffer damages.

## COUNT VII
### (Conversion)

52.     CJNE repeats and realleges the allegations made in the preceding paragraphs as if set forth herein.

53.     By its actions, Lailer has converted goods delivered to it by CJNE for its own use in contravention of CJNE's rights under federal and state law and in violation of the parties' agreement.

54.     As a direct and proximate result of Lailer's actions, CJNE has suffered and continues to suffer damages.

## COUNT VIII
### (Unjust Enrichment)

55.     CJNE repeats and realleges the allegations made in the preceding paragraphs as if set forth herein.

56.     Lailer has refused to pay the reasonable value of goods delivered to it by CJNE and accepted by Lailer.

57.     Lailer has been unjustly enriched to the detriment of CJNE.

58.     As a direct and proximate result of Lailer's actions, CJNE has suffered and continues to suffer damages.

WHEREFORE, Plaintiff Crown Jewels of New England, LLC, respectfully requests that this Court (a) enter Judgment in favor of it and against all defendants in an amount to be proved at trial, (b) allow plaintiff the pretrial relief it seeks in a separate motion filed herewith, (c) allow

plaintiff recovery of its attorneys fees and costs and (d) award such other and further relief as this Court deems proper.

Respectfully submitted,

CROWN JEWELS OF NEW ENGLAND, LLC,
By its Attorneys,

/s/ Edward W. Little, Jr.
William A. Zucker, BBO # 541240
Edward W. Little, Jr. BBO # 628985
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

Dated:  April 19, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Crown Jewels of New England, LLC v. Waldo H. Lailer & Company, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05 10783 RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Edward W. Little, Jr., BBO# 541240__
ADDRESS __Gadsby Hannah, LLP 225 Franklin Street, Boston, MA 02110__
TELEPHONE NO. __(617) 345-7000__

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CROWN JEWELS OF NEW ENGLAND, LLC

**(b)** County of Residence of First Listed Plaintiff: **Fresno, CA**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Edward W. Little, Jr., BBO # 541240
Gadsby Hannah, LLP   225 Franklin St., Boston, MA 02110

## DEFENDANTS
WALDO H. LAILEN & COMPANY, INC., PETER N. KOTZEN, JOHN D. KOTZEN

County of Residence of First Listed Defendant: **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**7 U.S.C. 499(b) and (e)**
Brief description of cause:
**Plaintiff seeks enforcement of trust under Perishable Argiculture Commodity Act.**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: April 19, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Edward W. Little

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____