UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CROWN JEWELS OF NEW ENGLAND, LLC, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | NO. 05-10783-RWZ |
| ) | |
| v. ) | |
| ) | |
| WALDO H. LAILER & COMPANY, INC., ) | |
| PETER KOTZEN, and JOHN KOTZEN, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| CITIZENS BANK OF MASSACHUSETTS and ) | |
| STATE STREET BANK & TRUST COMPANY, ) | |
| ) | |
| Trustee Process Defendants. ) | |

## STIPULATION AND ORDER

Plaintiff Crown Jewels of New England, LLC ("CJNE") and defendants Waldo H. Lailer & Co., Inc. ("Lailer"), Peter Kotzen and John Kotzen (together, the "Kotzens") (all parties collectively referred to as the "Parties") hereby stipulate and the Court orders as follows:

WHEREAS on April 19, 2005, this Court entered an order *ex parte* ("Order") which, among other things, (a) temporarily restrains Lailer and the Kotzens from transferring certain assets owned by them; (b) allows trustee process attachments against trustee defendants Citizens Bank of Massachusetts and State Street Bank & Trust up to the amount of $253,664.91; and (c) allows attachments on real property standing in the name of Lailer and the Kotzens up to the same amount;

WHEREAS, pursuant to the Order, the Court also scheduled a hearing on this matter, after service on all defendants, for Wednesday, April 27, 2005 at 2:00 p.m.;



WHEREAS defendants have all been served with papers in the case and notice of the hearing, and the Parties are currently engaged in productive settlement negotiations to resolve all outstanding claims;

WHEREAS the Parties now wish to continue the currently scheduled hearing until May 4, 2005 or a later date to be set by the Court while the parties continue settlement negotiations; and

WHEREAS pending the conclusion of settlement discussions between the parties or other order of this Court, Lailer requires the use of its assets, including the proceeds of its inventory, accounts receivable and funds now held by trustee defendant Citizens Bank of Massachusetts ("Citizens") pursuant to the Order to operate its business in the ordinary course.

IT IS HEREBY STIPULATED between the Parties and ORDERED by the Court as follows:

1. Except as otherwise set forth in this Stipulation, the Order and prejudgment relief granted thereunder will continue in full force and effect until further order of this Court.

2. Lailer and the Kotzens acknowledge that Lailer is indebted to CJNE in the amount of $244,198.91, exclusive of interest and allowable costs including actual attorneys fees.

3. The Defendants acknowledge that: (a) CJNE is the beneficiary of a valid and enforceable trust under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a through 499s (and particularly § 499e(c)) in the amount indebted above in Paragraph 2; and (b) until such time as all amounts owed to CJNE are paid, such PACA trust shall continue to encumber all of Lailer's real and personal property and the proceeds thereof.

4. Lailer agrees that it will deposit all income, receipts and proceeds of Lailer's property including inventory and accounts receivable generated by the operation of Lailer's

business into one or more of the accounts at Citizens currently subject to trustee process pursuant to the Order. Lailer further agrees that it will not open or use any deposit, checking or bank accounts other than those currently in existence at Citizens.

5. Lailer agrees that it will continue to operate Lailer and use the company's assets in the ordinary course of its business. Without limiting the meaning of operating in the "ordinary course," ordinary course operation shall not include payments or transfers to A. James Kotzen, whether or not pursuant to agreement or otherwise.

6. Upon release of the trustee process attachment by the Court, Lailer shall immediately wire funds in the amount of U.S. $40,000.00 (Forty-Thousand United States Dollars) to Gadsby Hannah, LLP, as attorneys for CJNE, which funds are to be held, in escrow, by Gadsby Hannah for the benefit of CJNE until the Parties have executed and exchanged mutually-acceptable settlement documents. Lailer and the Kotzens acknowledge that all monies paid to Gadsby Hannah pursuant to this Stipulation are being paid from the PACA trust for the benefit of CJNE.

7. Upon entry of this Stipulation and Order by the Court, the trustee process attachment obtained against funds currently on deposit at Citizens shall be released. Except for amounts necessary to make the payment required in Paragraph 6, funds covered by such attachment shall be made available to Lailer and the Kotzens as appropriate.

8. Nothing in this Stipulation and Order shall waive or release, or be deemed to release, the existing PACA trust in favor of CJNE, nor shall it waive or release any claims or defenses any Party may have in respect to the subject matter of this action, except as stated in this Stipulation and Order.

Respectfully submitted,

CROWN JEWELS OF NEW ENGLAND, LLC,
By its Attorneys,

*/s/ Edward W. Little, Jr.*

Charles A. Dale, III BBO # 558839
Edward W. Little, Jr. BBO # 628985
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

PETER KOTZEN and JOHN KOTZEN,
By their Attorneys,

*/s/ Richard J. Kaitz / ewl.*

Richard J. Kaitz, BBO # 256780
54 Jaconnet Street, Suite 300
Newton, MA 02461
(781) 894-4400

WALDO H. LAILER & COMPANY, INC,
By its Attorneys,

*/s/ Alan L. Braunstein / ewl.*

Alan L. Braunstein BBO # 546042
Riemer & Braunstein LLP
Three Center Plaza, 6th Floor
Boston, Massachusetts 02108
(617) 523-9000

DATED: April 27, 2005

SO ORDERED:

*/s/ Ryan W. Zobel*

Ryan W. Zobel
United States District Judge

5/2/05

4

B0410603v3